UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGETTE FRANZONE, GEORGE F. LLC,     Case No.
CAVALE TONUZI, INC. and G. LIFESTYLE     1:13-cv-05282-NG-JO
SPA, INC.,

                                    *Plaintiffs*,     **VERIFIED ANSWER**

       - against -

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, et al.

                                    *Defendants*.
------------------------------------------------------------------X

       The defendants Charbel "Charlie" Elias, C. Elias Enterprises, Inc. and Charles Elias Salon, by their attorneys, Rayano & Garabedian, P.C., hereby interpose the following answer to the plaintiffs' verified complaint, dated September 23, 2013:

       1.    Deny any knowledge or information sufficient to form a belief as to the allegations contained in the following paragraphs of the plaintiffs' complaint: 1, 8, 9, 10, 11, 12, 22, 23, 24, 25, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 71, 72, 73, 74, 75, 76, 88, 90, 91, 92, 93, 100, 101, 105, 112, 113, 127, 128, 129, 130, 131, 147, 164, 165, 171, 179, 180, 188, 192, 193, 194, 195, 196, 197, 198, 199, 200, 208, 211, 294, 295 and 296.

       2.    Deny the allegations contained in the following paragraphs of the plaintiffs' complaint: 2, 3, 4, 5, 6, 7, 15, 16, 17, 18, 19, 20, 28, 30, 53, 54, 55, 56,

57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 77, 78, 79, 81, 82, 83, 84, 85, , 86, 87, 94, 95, 96, 97, 98, 99, 102, 103, 104, 106, 107, 108, 109, 110, 111, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157 159, 160, 161, 166, 167, 168, 169, 170, 172, 173, 174, 175, 176, 177, 178, 181, 182, 183, 184, 186, 187, 191, 201, 202, 203, 204, 205, 206, 209, 210, 212, 213, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 226, 227, 228, 229, 230, 232, 233 234, 235, 236, 237, 238, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 251, 252, 253, 254, 255, 256, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 270, 271, 272, 273, 274, 276, 277, 278, 279, 280, 281, 283, 284, 285, 286, 290, 291, 292, 298, 299, 300, 302, 303, 304, 305, 308, 309 310, 311, 312, 313, 315, 318, 319, 321, 323, 324 and 325.

3. Admit the allegations contained in the paragraphs of the complaint herein designated: 158, 184, 207, 288 and 289.

4. Repeat and re-allege the same admissions and denials set for above, with the same force and effect as previously stated, for those paragraphs of the plaintiffs' complaint designated: 214, 225, 231, 239, 250, 257, 268, 275, 282, 287, 293, 297, 301, 306, 314, 316 and 322.

5. Neither admit nor deny the allegations of following designated paragraphs of the plaintiffs' complaint, but refer the interpretation of contractual

agreements, court decisions and other legal matters, as matters of law, to the presiding judge: 80, 89, 162, 163, 185, 189, 190, 269 and 307.

6. With respect to paragraph 21 *et seq.* of plaintiffs' complaint, defendant Charbel Elias acknowledges that he was a shareholder in Cavale Tonuzi Corp., a privately held New York corporation, but denies the other statements contained in the paragraph, including – but not limited to – the assertion that plaintiff Georgette Franzone was a "*sole preferred shareholder*" and "*an entity-victim of the association-in-fact Enterprise(s).*"

7. With respect to paragraph 27 of the plaintiffs' complaint, defendant Charbel Elias acknowledges that his current place of business, C. Elias Enterprises d/b/a Charles Elias Salon, is 7802 3rd Avenue, Brooklyn, New York 11209, but denies the other statements contained in the paragraph.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. The plaintiffs' complaint fails to state a cause of action against the answering defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Plaintiffs had knowledge of the condition of the place where the occurrence complained of happened, and assumed the risk of any and all dangers of the activity in which she was engaged at the time and place of the happening of

the occurrence complained of.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.  If injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the complaint, such injuries and damages are attributable in whole or in part to the culpable conduct of the plaintiffs.

11.  If any damages are recoverable against answering defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bear to the culpable conduct, if any, of said answering defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.  The plaintiffs are barred from recovering damages against the answering defendants by virtue of the willful, malicious and/or negligent conduct of the plaintiff Georgette Franzone, and her unjustified refusal to leave the premises at which the occurrence is alleged to have taken place. It is defendants' assertion that plaintiff Franzone caused and created the circumstances in which she found herself at the time of the occurrence, inviting all dangers and risks attendant thereto.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.  The plaintiffs have no basis for a claim against the answering defendants, as said answering defendants were not present at the Cavale Tonuzi

Salon on the date and time stated in plaintiffs' complaint when co-defendants are alleged to have removed plaintiff Georgette Franzone or asked her to leave said premises; nor did the answering defendants have anything to do with the actions taken by the other defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

12. The actions set forth in plaintiffs' complaint are barred by the applicable Federal and State statutes of limitations for each of the asserted claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiffs' claims against the defendant Charbel Elias are barred by virtue of his Chapter 7 discharge in bankruptcy in United States Bankruptcy Court (EDNY) on February 5, 2013 under case no. 12-45107.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

14. Plaintiffs commenced the above captioned action against defendant Charbel Elias in violation of the automatic stay order in the Chapter 7 bankruptcy in the United States Bankruptcy Court (EDNY) under case no. 12-45107.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. Plaintiffs' action and the claims asserted herein are barred by virtue of there being other, prior actions currently pending in New York State Supreme Court, County of Brooklyn, against the very same defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. Plaintiff Georgette Franzone has no legal or factual authority to commence a suit or assert claims on behalf of Plaintiff Cavale Tonuzi Corp., as she is a minority shareholder and does not maintain a controlling interest in the corporation sufficient to make decisions on behalf of the coporation.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claims are barred by the equitable doctrine of laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs' claims should be barred and/or diminished by virtue of plaintiffs' failure to mitigate their damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. Plaintiffs' claims are barred by the equitable doctrine of estoppel, in that plaintiffs have knowingly, intentionally or voluntarily adopted inconsistent positions, attitudes or courses of conduct which have, at key times, condoned the actions of the answering defendants.

AS AND FOR A **CROSS COMPLAINT** AGAINST THE DEFENDANTS, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITYPOLICE OFFICER JAUN TEJERA AND JAUN TEJERA, individually, NEW YORK CITY POLICE OFFICER DONALD GRANT, AND DONALD GRANT individually, NEW YORK CITY POLICE OFFICER ANN GUERIN, and ANN GUERIN, Individually, NEW YORK CITY POLICE OFFICER HANNA TONUZI ALVEREZ, and HANNAH TONUZI ALVEREZ, Individually, NEW YORK CITY POLICE OFFICERS JOHN DOE and JANE ROE 1-10, whose real names are presently unknown, VIOLETTE TONUZI, FARIJE TONUZI-SHERIDAN, LILIANA NARBONE, BRUNO SALON AND SPA, PROGRESSIVE CREDIT UNION, HEDDA SCHACHTER, FRANK CORIGLIANO, MARY CARBONE, FRANKIE ALVAREZ, JOSEPH TRISCHEITTA, MARCO VENEZIA, WILLIAM MASSO, ET AL., THE ANSWERING DEFENDANTS ALLEGE:

21. If the plaintiffs were caused to sustain damage through any conduct other than the plaintiff's own, and said damages arose in whole or in part from the actions of the co-defendants named above, and if any judgment is recovered herein by the plaintiff against the answering defendants, said answering defendants will be damaged thereby and will be entitled to proportionate indemnity on the basis of proportionate responsibility from the co-defendants named above.

22. That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's complaint through any actions other than the plaintiff's own, such resulting damages were occasioned by reason of the active and affirmative negligence or intentional conduct on the part of the co-defendants named above, and, therefore, the answering defendants will, if any judgment is rendered against them, be entitled to full and complete indemnity from said co-

defendants.

**WHEREFORE,** the answering defendants demand judgment against the plaintiffs dismissing the complaint herein, together with the costs and disbursements of this action.

DATED:   Central Islip, New York
         January 28, 2014.

>   Yours, etc.
>
>   RAYANO & GARABEDIAN, P.C.
>
>   By: _____/s/ Michael Garabedian_____
>       Michael Garabedian (MG-8364)
>   *Attorneys for defendants Charbel "Charlie" Elias, C. Elias Enterprises, Inc. and Charles Elias Salon*
>   Office & P.O. Address
>   267 Carleton Avenue, Suite 222
>   Central Islip, New York 11722
>   (631) 297-8360

TO:   DOUGLAS R. DOLLINGER, ESQ.
      *Attorney for plaintiffs*
      50 Main Street, Suite 1000
      White Plains, New York 10606

      THE CITY OF NEW YORK
      Municipal Building
      One Centre Street
      New York, New York 10007

8

THE NEW YORK CITY POLICE DEPARTMENT
ONE POLICE PLAZA
New York, New York 10007

HEDDA SCHACHTER
880 5th Avenue, #20A
New York, New York   10021

PROGRESSIVE CREDIT UNION
131 W. 33rd St., 7th Floor
New York, New York  10001

VIOLETTE TONUZI DAY SPA
6911 Shore Road, #1
Brooklyn, New York  11209

VIOLETTE TONUZZI
98 15th Street
Brooklyn, New York 11215

LILIANA NARBONE
6 Horizon Road #1503
Fort Lee, New Jersey 07024

## ATTORNEY'S VERIFICATION BY AFFIRMATION

I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, or of counsel with the attorney(s) of record, for the defendant CHARBEL "CHARLIE" ELIAS,

I have read the annexed **ANSWER**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief as to those matters therein not stated upon knowledge is based upon the following: Contents of Affirmant's file.

The reason I make this affirmation instead of answering defendant is because the answering defendant resides outside of the county in which your deponent maintains his office.

Dated: Central Islip, New York
      January 28, 2014

_____
MICHAEL GARABEDIAN

STATE OF NEW YORK )
) ss.:
COUNTY OF SUFFOLK )

    Barbara Scelzi, being sworn says: I am not a party to the action, am over 18 years of age and reside at Bay Shore, New York.
    On January 29, 2014 I served a true copy of the annexed verified answer by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below.

TO:    DOUGLAS R. DOLLINGER, ESQ.
       50 Main St., Suite 1000
       White Plains, NY 10606

       THE CITY OF NEW YORK
       Municipal Building
       One Centre Street
       New York, NY 10007

       THE NEW YORK CITY POLICE DEPARTMENT
       ONE POLICE PLAZA
       New York, NY 10007

       HEDDA SCHACHTER
       880 5th Avenue, #20A
       New York, NY   10021

       PROGRESSIVE CREDIT UNION
       131 W. 33rd St., 7th Floor
       New York, NY   10001

       VIOLETTE TONUZI DAY SPA
       6911 Shore Road, #1
       Brooklyn, NY   11209

       VIOLETTE TONUZZI
       98 15th Street
       Brooklyn, NY 11215

LILIANA NARBONE
6 Horizon Road #1503
Fort Lee, NJ 07024

*Barbara Scelzi* (signature)
Barbara Scelzi

Sworn to before me this
29th day of January, 2014

*Michael Garabedian* (signature)
Notary Public

MICHAEL GARABEDIAN
Notary Public, State of New York
No. 4861926
Qualified in Suffolk County
Commission Expires May 19 2014